SAUGUS AUTO THEATRE CORPORATION *vs.* MUNROE REALTY CORP. February 4, 1974. This is a bill in equity for declaratory relief brought by the assignee of a twenty-five year commercial lease to determine whether it is entitled to continue in possession of the leased premises for the remainder of a renewal term of twenty-five years to have commenced on May 1, 1963. From a final decree in favor of the plaintiff, the lessor's grantee appeals. The ultimate question raised — whether the defendant has a present right to enter upon the premises and expel the plaintiff — is disposed of by considering the defendant's contention under a provision of the lease which reads, ". . . if the premises or any substantial portion thereof are taken by public authority . . . the Lessors . . . may . . . without further notice or demand, enter into and upon the said premises . . . and expel the said Lessee . . . and upon entry as aforesaid, this lease shall cease and be ended." The judge found that on May 13, 1970, the Commonwealth by eminent domain took 2.15 acres belonging to the defendant, most of which was from the thirteen acres subject to the lease, and made an award (the parties agree) of $129,200 to the defendant. The judge ruled that, as the leased premises could only be used during the term of the lease and any extension or renewal thereof as a drive-in theater, and as the taking did not substantially affect the capacity or operation thereof, the portion taken was not substantial within the meaning of the lease. A provision such as the one under consideration is commonly inserted in a lease for the purpose of affording the landlord the rights to terminate the lease, evict the tenant, and deprive the tenant of an opportunity to share in the damages (*Munigle* v. *Boston,* 3 Allen 230, 232 [1861]; *Goodyear Shoe Mach. Co.* v. *Boston Terminal Co.* 176 Mass. 115, 117 [1900]; *Sparrow Chisholm Co.* v. *Boston,* 327 Mass. 64, 67 [1951]; *Newman* v. *Commonwealth,* 336 Mass. 444, 447 [1957]), rights the landlord would not have in the absence of such a provision. *Van Dusen Aircraft Supplies of New England, Inc.* v. *Massachusetts Port Authy.* 361 Mass. 131, 137 (1972), and cases cited. It is in the light of such purpose that we must determine whether the portion taken is substantial within the meaning of the lease. "Substantial" means "of real worth and importance; of considerable value; valuable." Black's Law Dictionary (rev. 4th ed.). A majority of the panel are of the opinion that the taking of some fifteen percent of the leased premises must be regarded as substantial as that term is used in the lease. The final decree is reversed, and a new final decree is to be entered declaring that the defendant is entitled to enter the premises and to expel the plaintiff.

*So ordered.*

*John J. Jennings* for the defendant.
*Joseph E. Iovino* for the plaintiff.