SAUGUS AUTO THEATRE CORPORATION *vs.*
MUNROE REALTY CORP.

Norfolk.    September 18, 1974. — November 7, 1974.

Present: TAURO, C.J., REARDON, BRAUCHER, HENNESSEY, & WILKINS, JJ.

*Landlord and Tenant,* Taking by eminent domain, Termination of lease,
   Construction of lease. *Eminent Domain,* Leasehold. *Words,* "Sub-
   stantial."

A lease permitting the lessor to terminate upon the taking of a
   "substantial portion" of the premises by eminent domain did not
   permit the lessor to terminate upon a taking which left the les-
   see's effective use of the premises as a drive-in theatre largely intact.
   [310-312]

BILL IN EQUITY filed in the Superior Court on Febru-
ary 14, 1969.

The suit was heard by *Hale, J.*

*Joseph E. Iovino* for the plaintiff.

*John J. Jennings* for the defendant.

REARDON, J.    The plaintiff lessee brought a bill in the
Superior Court seeking an interpretation and construction
of certain language in a lease of land in Saugus dated
March 12, 1938. A Superior Court judge found that the area
leased comprised about thirteen acres which were em-
ployed in the operation of a drive-in theatre with a capacity
of 650 to 700 cars; that the lease was renewed in 1963 in
accordance with its terms; and that in May, 1970, the
Commonwealth took by eminent domain 2.15 acres of the
leased land belonging to the defendant lessor. The taking
reduced the number of cars which could be accommodated
in the theatre by some thirty.[1] The lease provided that the
lessor might terminate it "if the premises or any substan-
tial portion thereof are taken by public authority." The

---

[1] There was evidence that the theatre while operating was filled to capacity only
on Memorial Day and Labor Day.

judge found "in relation to the total land leased and its use in the operation of a drive-in theater that the taking of somewhat less than two acres was not a taking of a substantial portion of the leased premises," and entered a final decree recognizing the renewal of the lease for the period of twenty-five years from May 1, 1963. On appeal the Appeals Court, alluding to the provision for the taking as "commonly inserted in a lease for the purpose of affording the landlord the rights to terminate the lease, evict the tenant, and deprive the tenant of an opportunity to share in the damages, . . . rights the landlord would not have in the absence of such a provision," held that "the taking of some fifteen percent of the leased premises must be regarded as substantial as that term is used in the lease." *Saugus Auto Theatre Corp.* v. *Munroe Realty Corp.* 1 Mass. App. Ct. 869 (1974). The Appeals Court reversed the final decree and ordered the entry of a new decree declaring that the defendant is entitled to enter the premises and to expel the plaintiff.

The sole issue before us is whether a "substantial portion" of the leased land was taken.

We are mindful that the words of a lease must be interpreted in light of the facts to which they apply and the circumstances that attended their use. *Wunsch* v. *Donnelly,* 302 Mass. 286, 289 (1939). *Crystal Concrete Corp.* v. *Braintree,* 309 Mass. 463, 468 (1941). *Richard Clothing Mfg. Co.* v. *Gutstein-Tuck, Inc.* 328 Mass. 386, 389 (1952). *Robert Indus. Inc.* v. *Spence,* 362 Mass. 751, 755 (1973). This is particularly true in construing the word "substantial," which is a relative term and must be examined in its context to gauge its meaning. *Atchison, Topeka & Santa Fe R.R.* v. *Kings County Water Dist.* 47 Cal. 2d 140, 144 (1956). *State* v. *Pahl,* 254 Minn. 349, 353-354 (1959). *Smith* v. *City of Fort Dodge,* 160 N. W. 2d 492, 498 (Iowa 1968). We note initially that the lease provisions in the cases referred to by the Appeals Court were broader than this one, permitting the lessor to terminate the lease

on a taking of the premises or *any part thereof. Munigle* v. *Boston,* 3 Allen 230, 232 (1861). *Goodyear Shoe Mach. Co.* v. *Boston Terminal Co.* 176 Mass. 115, 117 (1900). *Sparrow Chisholm Co.* v. *Boston,* 327 Mass. 64, 65 (1951). *Newman* v. *Commonwealth,* 336 Mass. 444, 445 (1957). Such a provision cuts off the tenant's right to share in the damages and is obviously for the benefit of the lessor alone. By contrast, insertion of the term "substantial portion" into the lease provision must be taken to represent an accommodation to the interests of the tenant who may improve the land and build up good will over the years and thus suffer a loss if the lease were to terminate on the condemnation of any portion of the land. At the same time the interests of the lessor remain protected, for termination of the lease is economically justifiable only where the extent of land taken is such that the rental value of the remaining land is seriously affected, for example where the gross income of a tenant paying a percentage rent will be seriously diminished by the taking. See Nichols, Eminent Domain (Rev. 3d ed.) § 11.06 at 11-14 (1974); Schwartz, Lease Drafting in Massachusetts, § 7.8 at 272-274 (1961); Hall, Landlord and Tenant (Adams and Wadsworth's 4th ed.) § 153 (1949). In these circumstances it is plain that simply comparing the proportion of land taken to that remaining will not suffice. Cf. *Cary* v. *Whiting,* 118 Mass. 363, 368 (1875). Rather, we look to the nature and character of the land actually taken. *State* v. *Pahl,* 254 Minn. 349, 354 (1959).

Here, although some fifteen per cent of the land area under the lease was taken, there was a loss of but thirty car spaces of the total 650 to 700 car capacity of the theatre, spaces for which there was little need since the theatre was very rarely full. The theatre, as argued by the plaintiff, remained largely intact, its effective use having been diminished by a mere four per cent. In light of the interests of the parties, we conclude that this was not a taking of a substantial portion of the premises within the meaning of the lease provision.

The case is remanded to the Superior Court for the reëntry as final of the decree of the Superior Court judge.

*So ordered.*