[Civil No. 1990. Filed December 30, 1922.]

[211 Pac. 562.],

E. A. DORAN, Plaintiff-Appellant, v. OASIS PRINTING HOUSE, INC., a Corporation, Defendant; J. A. HARRISON and V. J. WAGER, Sureties, Appellees.

1. ATTACHMENT — JUDGMENT FOR PLAINTIFF AGAINST SURETIES FOR VALUE OF PROPERTY, INSTEAD OF AMOUNT OF JUDGMENT RENDERED AGAINST DEFENDANT, HELD NOT ERROR.—Under attachment bond, conditioned that "the defendant will satisfy any judgment which may be therein rendered against it, or will pay the estimated value of the said property released, with lawful interest thereon from the date of this bond," executed pursuant to Civil Code of 1913, paragraphs 1412, 1424, providing that such bond shall be so conditioned, it was not error for the court to render judgment for plaintiff against the sureties for the value of the property attached, instead of for the amount of the judgment rendered against the defendant, since the sureties bound themselves in the alternative, and had a right to elect which one of the alternative conditions they would perform.

2. CONTRACTS — CONSTRUED BY GIVING MEANING TO ALL WORDS AND CLAUSES USED.—It is the cardinal rule in the construction of contracts to give meaning to all the words and clauses used by the parties.

APPEAL from a judgment of the Superior Court of the County of Santa Cruz. Samuel L. Pattee, Judge. Affirmed.

Messrs. Townsend, Stockton & Drake, Mr. Frank J. Barry and Mr. Warren Lee Kinder, for Appellant.

Messrs. Duffy, Purdum & Robins, for Appellees.

ROSS, C. J.—In a suit by plaintiff, Doran, against the Oasis Printing House, Inc., a writ of attachment

As to effect upon surety of judgment against principal, see notes in 132 Am. St. Rep. 759; 9 Ann. Cas. 153; Ann. Cas. 1915D, 400; 40 L. R. A. (N. S.) 746; L. R. A. 1918E, 814.

was sued out and personal property, consisting of a Sunday issue of the defendant's newspaper, levied upon. The defendant replevied the property so levied upon, executing a bond therefor with the appellees J. A. Harrison and V. J. Wager, as sureties. The amount sued for was $524.51, interest and attorney's fees. Judgment was rendered in favor of plaintiff against the defendant Oasis Printing House, Inc., for the sum of $629.13 and against the sureties in the sum of $40, the agreed value of the property attached. The plaintiff has appealed from the judgment in his favor against the sureties, contending it should have been for the full amount of the judgment against the defendant.

The controversy grows out of the wording of the replevy bond, the condition of which is as follows:

"Now, therefore, we, the undersigned the Oasis Printing House, Inc., a corporation, as principal, and V. J. Wager and J. A. Harrison, as sureties, acknowledge ourselves bound to pay to the above-named plaintiff the sum of one thousand and fifty-nine and 02/100 dollars ($1,059.02) being double the amount of plaintiff's debt, conditioned that, on the release from said attachment of said property, if the plaintiff recover judgment in the aforesaid action, the defendant will satisfy any judgment which may be therein rendered against it, or will pay the estimated value of the said property released, with lawful interest thereon from the date of this bond."

The bond is a printed form for filling in descriptive matter such as title of case and court, amount, and also for the insertion of the obligors' election as to whether they will agree to satisfy any judgment plaintiff may recover against defendant or pay the estimated value of the released property. Paragraph 1412, Civil Code of 1913, which authorizes the attaching officer to release the attached property, provides that the bond shall be—

"conditioned that should the defendant be condemned in the action he shall satisfy the judgment which may be rendered therein, or shall pay the estimated value of the property, with lawful interest thereon, from date of the bond."

When the defendant replevies personal property in the above manner, paragraph 1424, Id., provides that—

"The judgment shall also be against the defendant and his sureties on his replevy bond for the amount of the judgment, interest and costs, or for the value of the property replevied and interest according to the terms of such replevy bond."

When the two paragraphs of the statute referred to are construed together, it is obvious that the replevy bond therein provided for should run to the plaintiff in double the amount of his debt, and be conditioned to satisfy any judgment that he might recover against the defendant, or it should run to the plaintiff in the estimated value of the property attached, with lawful interest thereon from the date of the bond, conditioned to pay the value of the property replevied and interest in the event the defendant be condemned in the suit. In either case the judgment could easily have been rendered according to the terms of the bond. While the bond we here have runs to plaintiff in double the amount of his debt, it is conditioned in the alternative. It is the contention of the plaintiff that the last condition should be disregarded and the bond construed as though it contained but the one condition of satisfying the judgment against the defendant, solely upon the ground that the obligors had inserted in the bond double the amount of plaintiff's debt, and not the estimated value of the replevied property. By adopting this view we would have a bond conforming with the statute, a good statutory bond entitling the plaintiff to

recover the full amount of the judgment against the sureties. If, before the bond was executed and delivered to the sheriff and the property released, the condition thereof, with reference to the estimated value, had been canceled or erased, no doubt could exist as to the intention of the makers thereof. This was not done. The alternative conditions were permitted to remain as a part of the bond. And what the parties did not do in that regard we think the court should hesitate to do, and thereby possibly import into the contract a meaning not intended.

Literally this bond binds the obligors in the alternative. They agree to do one or the other of two things. They first agree to satisfy any judgment obtained against the defendant or to become bail for the debt, or, second, to pay the estimated value of the property, in which case the bond becomes a new or substituted security to the plaintiff. In both cases the result was the same—a dissolution of the attachment. Shinn on Attachment and Garnishment, § 304. The intention of the obligors in the bond, if it can be ascertained therefrom, should be the measure of their liability.

"In arriving at this intention the terms used in the bond should be construed according to the ordinary and reasonable meaning of the language employed." 9 C. J. 33, § 52.

It is a cardinal rule in the construction of contracts to give meaning to all the words and clauses used by the parties. If that rule be applied to the language in this bond it is obvious that the sureties thereon bind themselves in the alternative. In such case the law seems to be settled that the obligors have a right to elect which one of the alternative conditions of the bond they will perform. 9 C. J. 68, § 113; 6 C. J. 345, § 717; *People* v. *Tilton,* 13 Wend. (N. Y.) 597. In the case of *Moorman* v. *Collier,* 32

Iowa, 138, relied upon by plaintiff, the surety had bound himself "to perform the judgment," whereas he thought, when signing the bond, as he attempted to show, that it was a forthcoming bond. The court held that, the obligor having executed a bond to perform the judgment, he would not be permitted to show that he intended to sign, or thought he was signing, a forthcoming bond, and in that connection quoted from 2 Parsons on Contracts, fifth edition, 494–496, as follows:

"The words must not be forced away from their proper signification to one entirely different, although it might be obvious that the words used, either through ignorance or inadvertence, expressed a very different meaning from that intended. . . . For if the words employed were those intended to be used, but their actual meaning was totally different from that which the party supposed and intended them to bear, still this actual meaning would generally, if not always, be held to be their legal meaning."

In *Phansteihl* v. *Vanderhoof,* 22 Mich. 296, cited by plaintiff, the bond was "conditioned for payment of any judgment which might be recovered" by the plaintiff in attachment suit. The obligors' contention that this condition in the bond would be satisfied by his paying the amount of the value of the property attached was held to be untenable, and very correctly so.

The syllabus in *Bond* v. *Greenwald,* 4 Heisk. (Tenn.) 453, seems to uphold the contention of the plaintiff. However, the court does not quote the statute under which the replevy bond was given, nor is a copy of the bond set out in the opinion. In the body of the opinion it is said:

"The court is of opinion that when the defendants . . . replevied the goods attached, they waived their right to execute a bond simply in double the

value of the goods, and executed their bond in double the amount of complainant's demand, and that they cannot now elect to satisfy said bond by the amount of the value of the goods.''

From this language we cannot think that the bond and the statute in that case were like the bond and statute in the present case.

The value of the property released in this case was very much less than the judgment recovered against the defendant. If the property had not been replevied by the defendant, and the attachment lien had been foreclosed thereon and the property sold, all the plaintiff could have realized would have been its value. It is stipulated by the parties that its value was $40. The trial court entered judgment in favor of plaintiff on the replevy bond against the sureties for that sum.

For the reasons stated above we believe the judgment is supported by the law. It is accordingly affirmed.

McALISTER and FLANIGAN, JJ., concur.