SPARROW CHISHOLM CO. *vs.* CITY OF BOSTON,
144 Essex Street Corp., intervener
(and a companion case[1]).

Suffolk. December 8, 1950. — February 14, 1951.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Landlord and Tenant,* Taking by eminent domain, Termination of lease. *Eminent Domain,* Leasehold, Right to damages.

A lessee of a portion of certain premises in a city could not recover damages from the city upon its taking the entire premises by eminent domain during the term stated in the lease where the lessor elected to terminate the lease under a provision thereof that in case the premises "shall be taken for any . . . public use . . . then this lease and the said term shall terminate at the election of the Lessor . . . and such election may be made . . . notwithstanding the entire interest of the Lessor . . . may have been divested by such taking."

---

[1] The companion case is by 144 Essex Street Corp. against City of Boston.

Two PETITIONS for the assessment of damages arising from a taking by eminent domain, filed in the Superior Court on October 20, 1947, and July 26, 1948, respectively.

The cases were tried before *Donahue*, J.

*J. E. Chisholm*, for Sparrow Chisholm Co.

*Lee M. Friedman*, (*L. M. Levinson* with him,) for 144 Essex Street Corp.

No argument nor brief for the city of Boston.

WILLIAMS, J.   The land with the building thereon numbered 140–144 Essex Street in Boston was taken on September 15, 1947, by the city of Boston in the exercise of its power under the authority of St. 1946, c. 474, to provide public off street parking facilities.   At the time of the taking the premises were owned in fee by 144 Essex Street Corp., hereinafter called Essex, and a portion of the building was occupied by Sparrow Chisholm Co., hereinafter called Chisholm, under a written lease for five years dated November 16, 1944, which contained the following provision: "Provided, always, that in case the said building, or any part thereof, shall be taken for any street or other public use, or in case the demised premises shall be destroyed or substantially damaged by fire or other unavoidable casualty, or by the action of the City or other authorities, after the execution hereof and before the expiration of the said term, or any extension thereof, then this lease and the said term shall terminate at the election of the Lessor, or his successors or assigns, or by the Lessee or its successors or assigns, and such election may be made in case of any taking notwithstanding the entire interest of the Lessor, or his successors or assigns, may have been divested by such taking." On September 26, 1947, Essex delivered to Chisholm a notice of its election to terminate the lease forthwith.   The premises were vacated by the tenant the following month upon notice and demand by the city.   Petitions were brought under G. L. (Ter. Ed.) c. 79 against the city by both Essex and Chisholm for the assessment of their respective damages caused by the taking.   The petition of Essex was settled by

the city for the amount of $125,000 and by agreement of the parties an award was made in that sum without interest and costs as the entire damages for the taking, "such settlement and award . . . [being] made after full compliance . . . with the requirements" of St. 1946, c. 474. The agreement provided that the amount payable on this award should be reduced by the amount of any final judgment recovered by Chisholm against the city.

Thereafter the cases were pre-tried and by agreement were ordered consolidated for trial. See *Lumiansky* v. *Tessier*, 213 Mass. 182. The facts above stated were agreed upon by all the parties as being "all of the pertinent and material facts, except the amount of damages, if any, sustained by the tenant." Essex was allowed to intervene in the *Chisholm* case, and by stipulation with the city assumed the defence of that action. On the facts as agreed, the judge ordered the jury to return a verdict in the *Essex* case for the petitioner in the amount of $125,000 and a verdict for the respondent in the *Chisholm* case. Chisholm excepted to the direction of a verdict in its case and at its "request and . . . expense" the judge reported both cases to this court upon the following stipulation: "If the Supreme Judicial Court shall determine that there was no error in the trial judge's direction of a verdict for the defendant in the case of Sparrow Chisholm Co. vs. the City of Boston (case no. 417568), then and in such event, final judgment shall be entered for the plaintiff in the case of 144 Essex Street Corp. vs. the City of Boston (case no. 425565) in the sum of one hundred and twenty-five thousand dollars ($125,000) without interest and without costs, and final judgment shall be entered for the defendant in the case of Sparrow Chisholm Co. vs. the City of Boston (case no. 417568) with costs in favor of the defendant and of the intervenor, 144 Essex Street Corp. If, however, the Supreme Judicial Court shall determine that the trial judge was in error in the direction of a verdict for the defendant in the case of Sparrow Chisholm Co. vs. the City of Boston (case no. 417568), then, and in such event, both said verdicts shall be set aside and

the two cases are to be remanded to the Superior Court for the determination of the damages of the respective parties in accordance with such directions as the Supreme Judicial Court shall see fit to order." No question is raised as to the propriety of the procedure adopted by the Superior Court in reporting both cases to this court. The only exception before us is that of Chisholm to the direction in its case of a verdict for the city.

The point of law involved was decided in *Goodyear Shoe Machinery Co.* v. *Boston Terminal Co.* 176 Mass. 115. See *In re Improvement of Third Street, St. Paul,* 178 Minn. 552, 554–555. The taking on September 15, 1947, of the entire leased premises terminated the lease. *O'Brien* v. *Ball,* 119 Mass. 28. If it were not for the provision of the lease, the lessee could recover damages from the city for the injury to its leasehold. The lease, however, provided that the lessor might terminate the lease "in case of any taking notwithstanding the entire interest of the Lessor . . . may have been divested by such taking." In the *Goodyear* case, where a similar clause in a lease was construed, it was said that this language must be taken to mean that the landlord could "terminate the right of the tenant to share in the damages." It follows that the right of Chisholm to share with Essex in the damages to be assessed on account of the taking has been terminated by the election of the landlord as evidenced by its notice of September 26. The city may avail itself of this termination of the lessee's right. *Munigle* v. *Boston,* 3 Allen, 230, 232–233.

There was no error in directing a verdict for the respondent in the *Chisholm* case. In accordance with the terms of the report judgment in that case shall be entered for the respondent with costs in favor of the respondent and of the intervener, and in the *Essex* case judgment for the petitioner in the sum of $125,000 without interest or costs.

*So ordered.*