725 P.2d 1127

**FUND MANAGER, PUBLIC SAFETY PERSONNEL RETIREMENT SYSTEM, Plaintiff-Appellee,**

v.

**ARIZONA DEPARTMENT OF ADMINIS-TRATION, an agency of the State of Arizona; and J. Michael Lowe, Director of the Arizona Department of Adminis-tration, Defendants-Appellants.**

**No. 1 CA–CIV 8247.**

Court of Appeals of Arizona, Division 1, Department A.

April 24, 1986.

Review Denied Oct. 1, 1986.

Eaton, Lazarus, Dodge & Lowry, Ltd. by David D. Dodge, Marc R. Lieberman, Phoenix, for plaintiff-appellee.

Robert K. Corbin, Atty. Gen. by Anthony B. Ching, Sol. Gen., Evelyn R. Epstein, Robert A. Zumoff, Asst. Atty. Gen., Phoenix, for defendants-appellants.

## OPINION

KLEINSCHMIDT, Judge.

This appeal involves a dispute over whether the Arizona Department of Administration has the statutory authority to make salary recommendations for the administrator and other employees of the Fund Manager of the Public Safety Personnel Retirement System. The Fund Manager sought and received a declaratory judgment that it was exempt from such recommendations. We reverse.

Under the provisions of A.R.S. § 41–763(5) (Title 41, ch. 4, art. 5) the Director of the Department of Administration annually recommends a salary range for agency heads and certain other employees. The recommendations govern the salaries that can be paid. The Fund Manager contends that it is not subject to this statute because another statute, A.R.S. § 38–848(J)(6) provides:

J. The Fund Manager shall: ...

\* \* \* \* \* \*

6. Employ, as administrator, a person, state department or other body to establish and maintain an adequate system of accounts and record for the system, which shall be integrated with the accounts, records and procedures of the employers so that the system shall operate most effectively and at a minimum expense and that duplication of records and accounts may be avoided. *The administrator and other employees hired by the Fund Manager are not under the jurisdiction of the state personnel board or subject to title 41, chapter 4, articles 5 and 6.* (Emphasis added).

The Fund Manager points' out that the Department of Administration derives its authority to recommend salaries from legislative enactments transferring the former powers of the State Personnel Board to the State Personnel Commission and then to the Department of Administration. *See* Ariz.Laws 1968, ch. 200, § 1; Ariz.Laws 1970, ch. 204, § 147; Ariz.Laws 1972, ch. 141, § 4; Ariz.Laws 1983, ch. 98, § 125. It concludes that the provision of A.R.S. § 38–848(J)(6) exempting the Fund Manager from the jurisdiction of the Personnel Board is intended to exempt it from the salary recommendations of the Department as well as from the operation of all of the personnel rules, job classifications, and hearing procedures administered by the Personnel Board.

There is, however, another statute which is key to the resolution of this dispute. That statute, A.R.S. § 38–611(A) provides in relevant part:

A. Except as otherwise provided in subsections C and D, any officer or employee of the state, or any of its agencies, who is exempt from the state personnel system shall receive a salary within the range as recommended by the department of administration in its annual recommendation to the legislature and the joing legislative budget committee unless modified by the legislature.

\* \* \* \* \* \*

C. Elected state officers, employees of the supreme court, employees of the court of appeals, employees of the legislature, employees of the governor's office, employees of the Arizona state school for the deaf and the blind except the superintendent and the medical officer and all employees of the state universities are exempt from the provisions of this section.

The Fund Manager argues that the Department's power to set salaries is derived *solely* from Title 41, ch. 4, arts. 5 and 6 from which the Fund Manager has been expressly exempted by A.R.S. § 38–848(J)(6). Thus, it contends that the Fund Manager is impliedly exempt from any recommendation of the Department of Administration pursuant to A.R.S. § 38–611(A).

▮ The Department of Administration argues that A.R.S. § 38–611(A) provides a statutory basis for the Department to recommend salaries for employees of state agencies who are otherwise exempt from the jurisdiction of the state personnel system. Thus, the Department concludes that the Fund Manager's exemption pursuant to A.R.S. § 38–848(J)(6) from Title 41, ch. 4, arts. 5 and 6 does not exclude it from the Department's authority to make salary recommendations pursuant to A.R.S. § 38–611(A). We agree with the Department.

▮ The Fund Manager insists that A.R.S. § 38–611(A) does not apply to it because it is not a "state agency" as that term is used in the statute. Its argument rests on the fact that the Fund Manager is not listed as a state agency in the state's organization chart or in any other official publications. We reject this argument. The Fund Manager consists of three individuals appointed by the Governor. A.R.S. § 38–848(A). The appointment is made pursuant to A.R.S. § 38–211 which pertains to the appointment of state officers. The Fund Manager's purpose is to manage monies in the Public Safety Personnel Retirement System fund consisting of deductions taken from the salaries of public safety personnel and contributions by their employers. A.R.S. § 38–843(B) and (C). The

Attorney General, being the "chief legal officer" of the state, A.R.S. § 41–192(A), is a legal representative of the Fund Manager. A.R.S. § 38–848(K). Further, under the Sunset Review Laws, A.R.S. §§ 41–2351 *et seq.*, which pertain only to state agencies, the Fund Manager is scheduled to terminate on July 1, 1996. *See* A.R.S. § 41–2368.02(A)(3). Based on these statutes, we conclude that the Fund Manager is a state agency.

There is nothing unique about a state agency being exempt from the personnel system. Arizona Revised Statutes § 41–771 lists numerous other state officers and employees who are likewise exempt from Title 41, ch. 4, arts. 5 and 6. Such employees come within the plain language of A.R.S. § 38–611(A). Where the legislature has intended that certain exempt employees should also be exempt from salary recommendations by the Department of Administration it has clearly set forth the exemptions in A.R.S. § 38–611(C). The failure of the legislature to include the Fund Manager's employees in this list of exemptions demonstrates an intent not to exempt them. It is a fundamental principle of statutory construction that items not placed in a list of exemptions to a general rule are covered by that general rule. *Bushnell v. Superior Court of Maricopa County*, 102 Ariz. 309, 311, 428 P.2d 987, 989 (1967); *Wray v. Superior Court*, 82 Ariz. 79, 84, 308 P.2d 701, 704 (1957). *See also* 2A Sutherland, *Statutory Construction*, § 47.23 (1984 Ed.).

Were we to accept the Fund Manager's argument that the Department's authority to make advisory salary recommendations is based solely on Title 41, ch. 4, arts. 5 and 6, such would apply equally to all employees listed in A.R.S. § 41–771 who are also exempted from these statutes. In that case, A.R.S. § 38–611(C), which further excludes some employees already exempt from Title 41 from the provisions of A.R.S. § 38–611(A), would be totally unnecessary. For example, the exemption for employees of the State School for the Deaf and the Blind, except the superintendent and medi-

**96**

cal officer, would be meaningless, since *all* employees of that school, including the superintendent and medical officer, are already exempt from Title 41, ch. 4, arts. 5 and 6. A.R.S. § 41–771(A)(5). We must presume that the legislature did not intend to enact a statute that is nonoperative. *City of Mesa v. Killingsworth,* 96 Ariz. 290, 294–95, 394 P.2d 410, 413 (1964); *State v. Kozlowski,* 143 Ariz. 137, 138, 692 P.2d 316, 317 (App.1984).

The Fund Manager also argues that various communications and reports by the Department of Administration acknowledge that the Fund Manager's employees are not subject to the Department's administrative salary recommendations. In support of this contention, it refers to several letters from the Department indicating that the agency is exempt from state service. The Fund Manager erroneously equates exemption from state service, i.e., from the personnel system, with exemption from the salary recommendations of A.R.S. § 38–611(A).

The Fund Manager additionally points out that the Department's annual recommendations cite A.R.S. § 41–763(5) as the basis for those recommendations. It implies that this reference demonstrates that Title 41 is the sole source of the Department's authority. As previously discussed, A.R.S. § 38–611(A) is an independent statutory basis to make advisory salary recommendations. The Fund Manager cites no authority, and we have found none, that limits the source of an agency's power to those statutes cited by the agency in an annual report.

The Fund Manager has also asserted that since the statutes creating many state agencies contain a cross-reference to A.R.S. § 38–611(A), the absence of a cross-reference in statutes governing the Fund Manager shows that the Fund Manager's employees were not intended to be covered by A.R.S. § 38–611(A). This argument ignores the plain language of A.R.S. § 38–611(A), which contains no provision requiring such a cross-reference. The absence of

a cross-reference may well be due to legislative oversight.

Finally, the Fund Manager argues that the failure of the legislature to enact legislation in 1985, expressly placing the Fund Manager's employees under the salary provisions of A.R.S. § 38–611(A), shows an intent that those employees be exempted from the statute. What meaning, if any, can be attributed to proposed legislation that did not successfully pass out of a legislative committee, is pure conjecture. *See Ontiveros v. Borak,* 136 Ariz. 500, 512, 667 P.2d 200, 212 (1983).

It is ordered reversing the judgment of the trial court and remanding this matter with directions to enter judgment for the Department of Administration.

GREER and MEYERSON, JJ., concur.