IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| CARDI AMERICAN CORP., | ) | |
| | ) | |
| Appellee, | ) | 2 CA-CV 2008-0161 |
| | ) | DEPARTMENT B |
| v. | ) | |
| | ) | O P I N I O N |
| ALL AMERICAN HOUSE & | ) | |
| APARTMENT MOVERS, L.L.C., | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20077231

Honorable Stephen C. Villarreal, Judge

AFFIRMED

Stubbs & Schubart, P.C.
  By Thomas M. Parsons and Carl Sammartino                                          Tucson
                                                                      Attorneys for Appellee

Law Offices of John Kuhnlein
  By John Kuhnlein                                                                  Tucson
                                                                      Attorney for Appellant

E C K E R S T R O M, Presiding Judge.

¶1        Appellant All American House & Apartment Movers, L.L.C., appeals from an

order granting partial summary judgment in favor of Cardi American Corporation.  All

American contends the trial court erred in finding it was not entitled to compensation when Cardi terminated its leasehold as a result of the state's condemnation action.[1] We affirm for the reasons set forth below.

**Factual and Procedural Background**

¶2        Because the parties have stipulated to the relevant facts, we review the trial court's application of the law de novo. *Fid. Nat'l Title Co. v. Town of Marana*, 220 Ariz. 247, ¶ 5, 204 P.3d 1096, 1097 (App. 2009). All American leased property owned by Cardi. Although the lease was to expire on March 1, 2015, the lease agreement contained the following provision (hereinafter "the termination clause"): "Should all or a substantial portion of the premises be substantially damaged by fire, or other casualty, or be taken by eminent domain, then Landlord may elect to, at its sole discretion, terminate this Lease."

¶3        On December 11, 2007, the State of Arizona filed a condemnation complaint for the property All American was leasing. An order allowing the state to take immediate possession of the property was entered on January 28, 2008. Cardi mailed a notice to All American on February 27, 2008, informing it that Cardi was terminating the lease due to the state's condemnation action.

¶4        The trial court found the termination clause unambiguous and All American had no compensable interest in the property after Cardi exercised its option to terminate the

---

[1]Although this issue arose from the State of Arizona's condemnation action, the state was not an active party litigant in the summary judgment proceeding and does not appear on appeal.

2

lease. The court therefore granted Cardi's motion for partial summary judgment against All American and entered judgment pursuant to Rule 54(b), Ariz. R. Civ. P.

**Discussion**

¶5      All American argues the trial court erred in finding it had no compensable interest in the property. All American reasons that because Cardi no longer had possession of the premises once the state condemned it, Cardi's exercise thereafter of its contractual right to terminate the lease had no effect on All American's right to compensation. It also maintains that the optional termination clause in the lease was "essentially superfluous" because, by its terms, it could not be invoked until after the property was "taken by eminent domain" and already terminated by that action. Finally, All American contends that, because the lease is otherwise silent on the issue of compensation in the event of a taking, it is entitled to compensation for the unexpired term of its lease.

¶6      This case requires us to construe the meaning and legal effect of the terms of a contract, a legal question we review de novo. *See Terry v. Gaslight Square Assocs.*, 182 Ariz. 365, 368, 897 P.2d 667, 670 (App. 1994). In the absence of a contractual provision to the contrary, a tenant has a compensable property interest in the unexpired term of a lease upon condemnation. *Whiteco Indus., Inc. v. City of Tucson*, 168 Ariz. 257, 258, 812 P.2d 1075, 1076 (App. 1990); *State ex rel. Miller v. Gannett Outdoor Co. of Ariz.*, 164 Ariz. 578, 579, 795 P.2d 221, 222 (App. 1990). Although Arizona courts previously have considered optional termination clauses triggered by condemnation, *e.g.*, *Stockholders & Spouses of*

3

*Carioca Co. v. Superior Court*, 141 Ariz. 506, 507, 687 P.2d 1261, 1262 (1984); *Pepsi-Cola Metro. Bottling Co. v. Romley*, 118 Ariz. 565, 568-69, 578 P.2d 994, 997-98 (App. 1978), none has precisely addressed how a landlord's exercise of such an option affects a tenant's right to compensation.

¶7        The Iowa Supreme Court ruled on this issue in *State v. Starzinger*, 179 N.W.2d 761 (Iowa 1970). There, the parties' lease agreement provided, in relevant part, as follows: "In case the estate hereby created shall be taken from the Lessee by process of law . . . the Lessors shall have the right at any time thereafter . . . to enter upon the premises and thereby terminate the lease and determine the estate hereby created." *Id.* at 763. The tenant claimed the termination clause had no effect because the landlord's option could not be exercised until *after* a taking had occurred, and at the time of the taking, the tenant retained a compensable property interest. *Id.* Although the Iowa court acknowledged the formal merits of this argument under property law, *see id.* at 765, the court held that contract law controlled and prevented the tenant from receiving compensation. *Id.* The court interpreted the relevant provision as follows:

> Where a lease . . . provides that the lessor has the option of terminating the lease in the event the property is subsequently taken by eminent domain proceedings, and where upon proper notice by the lessor of his intention to terminate the lease, the effect of exercising that option is to terminate the lease and bar the lessee from sharing in the damages awarded for the condemned property.

*Id.*

4

¶8        The decision in *Starzinger* reflects the prevailing view that "where a lease provides for its termination at the lessor's option on condemnation of the property, the lessee has no right to compensation for the taking if the option is exercised." 29A C.J.S. Eminent Domain § 233 (2007); *see Sparrow Chisholm Co. v. City of Boston*, 97 N.E.2d 172, 173-74 (Mass. 1951); *Carroll Weir Funeral Home, Inc. v. Miller*, 207 N.E.2d 747, 749, 750 (Ohio 1965); *State v. Sheets*, 290 P.2d 974, 974, 975-76 (Wash. 1955). We adopt this interpretation of the parties' termination clause because it represents the most reasonable construction of the parties' intentions when including that clause in the lease.

¶9        As All American points out, some courts have found termination clauses that may be exercised after condemnation redundant and ineffective once an entire property is condemned, because eminent domain naturally terminates a lease. *See, e.g.*, *City of Vista v. Fielder*, 919 P.2d 151, 156 & n.3 (Cal. 1996). But we consider all provisions of a lease when ascertaining the parties' intent; we do not ignore any clause and give effect to every term when it is reasonably possible to do so. *See Alabam Freight Lines v. Stewart*, 70 Ariz. 140, 144, 217 P.2d 586, 588-89 (1950); *Pepsi-Cola Metro. Bottling Co.*, 118 Ariz. at 570, 578 P.2d at 999. Because we assume that the parties would not have included an inherently redundant or ineffective clause in the lease agreement, we construe the clause as entitling Cardi to terminate any rights or interests created by the lease that survive condemnation. *See Doran v. Oasis Printing House*, 24 Ariz. 475, 478, 211 P. 562, 563 (1922) ("It is a cardinal rule in the construction of contracts to give meaning to all the words and clauses used by the

5

parties."). A lessee's interest in compensation for a "tak[ing] by eminent domain" is such an interest. *See Sparrow Chisholm Co.*, 97 N.E.2d at 173-74 (construing provision allowing landlord to terminate lease after property taken by eminent domain to signify that "the landlord c[an] 'terminate the right of the tenant to share in the damages'"), *quoting Goodyear Shoe Machinery Co. v. Boston Terminal Co.*, 57 N.E. 214, 215 (Mass. 1900).

¶10        In this context,

> where the parties to [the] lease provide that the lessor at his option may terminate the lease if the leased premises are taken by eminent domain, and the property is appropriated, and the lessor properly exercises his option, the lessee no longer has a property right in the premises and has no right to share in the condemnation award.

*Starzinger*, 179 N.W.2d at 766. We therefore agree with the trial court that the lease was not ambiguous and All American retained no compensable interest in the subject property. Cardi exercised its option under the terms of the lease after the property was taken.[2] Consequently, All American retained no interest in the property for which it was entitled to compensation.

---

[2]Although All American maintains the property was condemned December 11, 2007, when the state filed its condemnation action, we need not determine the precise date of the taking to resolve the issue before us. *Compare* A.R.S. § 12-1123(A) (stating, in condemnation action, "the right to compensation and damages shall be deemed to accrue at the date of the summons"), *with City of Scottsdale v. CGP-Aberdeen, L.L.C.*, 217 Ariz. 626, ¶¶ 27, 34, 177 P.3d 1198, 1204-05, 1206 (App. 2008) (taking actually occurs when possession order entered or when government deprives someone of benefit of property). Because Cardi sent a termination notice after an order of possession was entered, it validly exercised its option under any interpretation of the lease.

6

**Disposition**

**¶11**      We affirm the trial court's grant of partial summary judgment and award Cardi its requested attorney fees on appeal, pursuant to the lease's attorney fees provision pending compliance with Rule 21(c), Ariz. R. Civ. App. P.


_____
PETER J. ECKERSTROM, Presiding Judge

CONCURRING:


_____
J. WILLIAM BRAMMER, JR., Judge


_____
GARYE L. VÁSQUEZ, Judge