IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

PIVOTAL COLORADO II, L.L.C., a Delaware limited liability company;
MILLARD R. SELDIN, an Arizona resident; SCOTT A. SELDIN, an
Arizona resident; SCOTT-SELDIN BROADWAY, L.L.C., a Delaware
limited liability company; KCI-BROADWAY, L.L.C., a Delaware limited
liability company; BELMONT-BROADWAY, L.L.C., a Delaware limited
liability company; BELMONT INVESTMENTS, L.L.C., a Delaware liability
company; PC 2SUN, L.L.C., an Arizona limited liability company,
and NORTH PARKER INVESTMENTS, L.L.C., an Arizona limited
liability Company, *Plaintiffs/Appellants*,

*v.*

ARIZONA PUBLIC SAFETY PERSONNEL RETIREMENT SYSTEM,
*Defendant/Appellee.*

No. 1 CA-CV 13-0089
FILED 03/13/2014

---

Appeal from the Superior Court in Maricopa County
No. CV2011-017812
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

---

COUNSEL

Cohen Kennedy Dowd & Quigley, P.C., Phoenix
By Ronald Jay Cohen, Laura H. Kennedy,
Daniel P. Quigley, Rebecca L. van Doren
*Counsel for Plaintiffs/Appellants*

Kutak Rock, LLP, Scottsdale
By Michael W. Sillyman, Paige A. Martin
*Counsel for Defendant/Appellee*

---

**OPINION**

---

Presiding Judge Donn Kessler delivered the opinion of the Court, in which Chief Judge Diane M. Johnsen and Judge Patricia K. Norris joined.

---

**K E S S L E R,** Presiding Judge:

¶1        Plaintiffs/Appellants (collectively "the Seldins")[1] appeal from the superior court's order dismissing their claims against Appellee Arizona Public Safety Personnel Retirement System ("PSPRS"). We affirm because PSPRS is a state agency for purposes of the notice of claim statute, and the Seldins admittedly failed to provide PSPRS with a notice of claim or to file suit within the one-year statute of limitations period applicable to claims against public entities.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        In September 2011, the Seldins sued PSPRS, alleging, among other things, aiding and abetting fraud and aiding and abetting breach of fiduciary duty. The claims arose out of a real estate investment gone awry, the specifics of which are not relevant to this appeal. PSPRS moved to dismiss the claims against it under Arizona Rule of Civil Procedure 12(b)(6), arguing that it is a state agency covered by Arizona's notice of claim statute, Arizona Revised Statutes ("A.R.S.") section 12-821.01 (Supp. 2013),[2] and the one-year statute of limitations applicable to claims against public entities, A.R.S. § 12-821 (2003). The Seldins admittedly did not provide PSPRS with a notice of claim, nor did they file the lawsuit within the one-year limitations period. Instead, the Seldins argued that PSPRS is not a state agency and, therefore, neither the notice of claim statute nor the one-year limitations period applied.

¶3        The superior court granted PSPRS's motion to dismiss, concluding that PSPRS is a state agency covered by the notice of claim statute and the one-year statute of limitations. The Seldins timely

---

[1] Plaintiffs/Appellants included Millard R. Seldin, Scott A. Seldin, and numerous Seldin-controlled entities, including Pivotal Colorado II, L.L.C.

[2] We cite the most recent versions of statutes when no revisions material to this decision have since occurred.

appealed.  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (Supp. 2013).

## DISCUSSION

**¶4**        We review the superior court's grant of a motion to dismiss for failure to state a claim *de novo.  See N. Peak Constr., LLC v. Architecture Plus, Ltd.*, 227 Ariz. 165, 167, ¶ 13, 254 P.3d 404, 406 (App. 2011).  The sole issue on review is whether PSPRS is a state agency for purposes of the notice of claim statute and the one-year statute of limitations applicable to public entities.  We conclude that it is.

I.        Notice of Claim and Limitations Statutes

**¶5**        "Persons who have claims against a public entity . . . shall file claims with the person or persons authorized to accept service for the public entity . . . within one hundred eighty days after the cause of action accrues."  A.R.S. § 12-821.01(A).   The claim must include facts sufficient to allow the public entity to understand and assess liability.  *Id.*  "Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred . . . ."  *Id.*  The claim statute assists the government from incurring "excess or unwarranted liability and facilitates settlement of claims by allowing the government to investigate the claim . . . and budget for settlement or payment of large claims."  *Yollin v. City of Glendale*, 219 Ariz. 24, 29, ¶ 11, 191 P.3d 1040, 1045 (App. 2008).   Additionally, "[a]ll actions against any public entity .  .  . shall be brought within one year after the cause of action accrues . . . ."  A.R.S.  § 12-821*.*

**¶6**        A public entity "includes this state and any political subdivision of this state."  A.R.S. § 12-820(7) (Supp. 2013).[3]  "'State' means this state and any *state agency*, board, commission or department."  A.R.S. § 12-820(8) (emphasis added).  Thus, the notice of claim statute and the accompanying limitations period apply to PSPRS if it is a state agency, board, commission or department.

---

[3] We note that the statute does not *restrict* the definition of "public entity" to the state or a political subdivision.  The word "includes" suggests that other organizational forms could be considered public entities for notice of claim purposes.  PSPRS, however, does not raise any argument in this regard.

II.     PSPRS Is a State Agency

**¶7**     PSPRS "is the state agency responsible for administering the pensions of Arizona's police and fire fighters." *McClead v. Pima Cnty.*, 174 Ariz. 348, 353, 849 P.2d 1378, 1383 (App. 1992).  Before July 1968, public safety employees "were covered under various local, municipal and state retirement programs."  A.R.S. § 38-841(A)-(B) (2011).  Consequently, benefits paid to different groups of public safety employees varied widely. *Id.*  Our Legislature created PSPRS "[i]n order to provide a uniform, consistent and equitable statewide program for public safety personnel who are regularly assigned hazardous duty . . . ."  A.R.S. § 38-841(B).

**¶8**     PSPRS is managed by a board of trustees ("PSPRS's board"), whose members are appointed by the Governor with the consent of the Senate through the statutory procedures for appointment of state officers. A.R.S. §§ 38-848(A) (2011), -211(A) (2011).  PSPRS's board invests and manages PSPRS's assets, A.R.S. § 38-848(D), which are derived exclusively from deductions from the salaries of public safety employees and contributions by their employers, A.R.S. § 38-843 (Supp. 2013).

**¶9**     This Court previously concluded that PSPRS is a state agency based on the fact that it was created by the Legislature, its board is appointed by the Governor, it manages pension funds for state and local public safety employees, the Arizona Attorney General serves as its counsel, and it is subject to state agency sunset laws.  *See Fund Manager, Pub. Safety Pers. Ret. Sys. v. Ariz. Dep't of Admin.*, 151 Ariz. 93, 95, 725 P.2d 1127, 1129 (App. 1986) (hereinafter "*ADOA*") ("[W]e conclude that the Fund Manager [the title formerly used for PSPRS's board] is a state agency."); *Fund Manager, Pub. Safety Pers. Ret. Sys. v. Cnty. of Maricopa,* 152 Ariz. 255, 259, 731 P.2d 620, 624 (App. 1986) (hereinafter "*Fund Manager*") ("The trial court correctly held that the fund manager is a state agency."); *see also McClead*, 174 Ariz. at 353, 849 P.2d at 1383.

**¶10**     The thrust of the Seldins' argument is that subsequent legislative amendments to A.R.S. § 38-848—PSPRS's enabling legislation— effectively overruled our prior decisions, necessitating a reevaluation of PSPRS's status as a state agency, and that PSPRS cannot be a state agency because its assets are not derived from the State's general revenues.  We conclude otherwise.

A.      *ADOA*, *Fund Manager*, and the 1987 Amendment to A.R.S. § 38-848

¶11         In *ADOA*, we concluded that PSPRS's board was subject to the salary recommendations of the Arizona Department of Administration's Personnel Board ("Personnel Board"). 151 Ariz. at 95-96, 725 P.2d at 1129-30. The Personnel Board "annually recommends a salary range for [state] agency heads and certain other [state] employees" that governs the salaries that can be paid to those individuals. *Id.* at 94, 725 P.2d at 1128; *see* A.R.S. §§ 41-743(B)(4) (2013), -751(B)(4) (2013). At the time, PSPRS's enabling legislation stated that "[t]he administrator and other employees hired by [PSPRS's board] are not under the jurisdiction of the state personnel board or subject to title 41, chapter 4, articles 5 and 6." A.R.S. § 38-848(J)(6) (1985); *see also ADOA*, 151 Ariz. at 94, 725 P.2d at 1128. PSPRS argued that its exemption from the jurisdiction of the Personnel Board also exempted it from the salary recommendations. *ADOA*, 151 Ariz. at 94, 725 P.2d at 1128.

¶12         A.R.S. § 38-611 (2011)[4] gave the Personnel Board the authority to make salary recommendations for state agencies otherwise exempt from the state personnel system. *Id.* PSPRS argued that A.R.S. § 38-611 was inapplicable because PSPRS is not a state agency. *Id.* at 95, 725 P.2d at 1129. We rejected PSPRS's argument and concluded that it is a state agency based upon how it was created, who appointed its members, its duties, its legal counsel, and it being subject to sunset laws:

> [PSPRS's board] consists of . . . individuals appointed by the Governor. The appointment is made pursuant to A.R.S. § 38-211 which pertains to the appointment of state officers. [Its] purpose is to manage monies in the Public Safety Personnel Retirement System fund consisting of deductions taken from the salaries of public safety personnel and contributions by their employers. The Attorney General, being the 'chief legal officer' of the state is a legal representative of [PSPRS's board]. Further, [PSPRS's board is subject to] the Sunset Review Laws, which pertain only to state agencies . . . . Based on these statutes, we conclude that [PSPRS's board] is a state agency.

---

[4] We cite the 2011 version of the statute for ease of reference because its language is the same as the version in effect at the time of *ADOA*.

*Id.* (citations omitted).

¶13    Later that year, we held in *Fund Manager* that PSPRS must comply with the procurement code when it hires outside counsel. 152 Ariz. at 260, 731 P.2d at 625. PSPRS contended that it is not subject to the procurement code because it is not a state agency and does not spend public money. *Id.* at 259, 731 P.2d at 624. We again rejected PSPRS's argument. Acknowledging our earlier determination in *ADOA*, we explained:

> The individual members of [PSPRS's board] are appointed by the [G]overnor under . . . [statutes pertaining] to the appointment of state officers. In addition . . . the [A]ttorney [G]eneral, the chief legal officer of the state, is a legal representative of [PSPRS's board]. Further, the Sunset Review Laws, which pertain only to state agencies . . . [apply to PSPRS's board].

*Id.*

¶14    In 1987, the Legislature amended PSPRS's enabling legislation to exempt its board from A.R.S. § 38-611 and the procurement code. A.R.S. § 38-848(M) (2011).[5] The Seldins argue that the 1987 amendment superseded *both* our determination that PSPRS's board is subject to A.R.S. § 38-611 and the procurement code, *and* our conclusion that PSPRS is a state agency. However, nothing in that amendment disturbs the underpinnings of our conclusion that PSPRS is a state agency. The rationale that led us to conclude PSPRS is a state agency in *ADOA* and *Fund Manager* remains valid today. The State Legislature created PSPRS and did so to allow the State and other public entities to satisfy their contractual obligations to public safety retirees, and its board is appointed by the Governor with the consent of the Senate.

¶15    The Seldins make too much of the 1987 amendment. Instead of classifying PSPRS as something other than a state agency, that amendment simply exempted PSPRS's board from A.R.S. § 38-611 and the procurement code. "There is nothing unique about a state agency being

---

[5] We cite the 2011 version of the statute for ease of reference because its language reflects the version effected by the 1987 amendment. The section has since been amended to remove this language. *See* A.R.S. § 38-848(M) (Supp. 2013).

exempt from the personnel system." *ADOA*, 151 Ariz. at 95, 725 P.2d at 1129. Nor is there anything unique about a state agency being exempt from the procurement code. *Fund Manager*, 152 Ariz. at 259, 731 P.2d at 624 (noting that the procurement code exempts a number of agencies from its coverage). Thus, although the 1987 amendment superseded *ADOA*'s and *Fund Manager*'s determinations that PSPRS's board is subject to the Personnel Board's salary recommendations and the procurement code, it did not affect our conclusion that PSPRS is a state agency.

**¶16**      Our conclusion is further supported by the fact that, although the Legislature has exempted PSPRS from certain statutes otherwise applicable to state agencies, *see* A.R.S. § 38-848(M), it has not exempted PSPRS from the liability/immunity provisions of Title 12, which include the notice of claim requirement and the one-year statute of limitations applicable to public entities.[6] "The provision of one exemption in a statute implicitly denies the existence of other unstated exemptions." *State Comp. Fund v. Superior Court (EnerGCorp, Inc.)*, 190 Ariz. 371, 375, 948 P.2d 499, 503 (App. 1997). Furthermore, the Legislature would not have expressly exempted PSPRS from the procurement code and the Personnel Board, two sets of statutes otherwise applicable to state agencies, unless it viewed PSPRS as a state agency. *See id.* at 376, 948 P.2d at 504. Accordingly, PSPRS remains a state agency covered by Title 12's liability/immunity provisions.

**¶17**      We are not persuaded by the Seldins' argument that entities such as private insurers and charter schools are subject to state

---

[6] The Seldins point out that PSPRS's enabling legislation uses the words "not subject to," A.R.S. § 38-848(M), rather than the word "exempt," and argue that there is a meaningful distinction between the two. In this context, we discern no meaningful difference between exempting PSPRS's board from the state procurement code or the jurisdiction of the Personnel Board, and stating that it "is not subject to" the procurement code or the jurisdiction of the Personnel Board. *See, e.g., State Comp. Fund v. Superior Court (EnerGCorp, Inc.)*, 190 Ariz. 371, 375, 948 P.2d 499, 503 (App. 1997) (citing *State Comp. Fund v. Symington*, 174 Ariz. 188, 194, 848 P.2d 273, 279 (1993) and using "not subject to" and "exempt" interchangeably when explaining that the State Fund is exempt from some statutes otherwise applicable to state agencies). Furthermore, the 1987 amendment was enacted as "[a]n act . . . prescribing an *exemption* from the procurement code . . . ." 1987 Ariz. Sess. Laws., ch. 180 (1st Reg. Sess.) (emphasis added).

supervision and regulation, yet are not state entities. The Seldins' argument ignores that private insurers and charter schools are not created by the Legislature. It is the bundle of statutes that create and regulate an entity that makes it a public entity for purposes of the notice of claim and corresponding limitations statutes. PSPRS is a creature of statute, its board is appointed by the Governor, and it is subject to various levels of state control while being expressly exempted from other controls, yet not exempted from the immunity provisions of Title 12. That combination of factors makes it a state agency subject to the notice of claim and limitations statutes.

### B. The 2006 Amendment

¶18 The Seldins offer two additional arguments related to a 2006 amendment to PSPRS's enabling legislation that designates it as an "independent trust fund whose assets are separate and apart from all other funds of this state" and specifies that PSPRS is not subject to the debt limits of Article 9, Sections 5 and 8, of the Arizona Constitution. A.R.S. § 38-848(M). The Seldins argue, first, that PSPRS cannot be a state agency because it is designated as an "independent trust fund" and its assets are separate from state funds. Second, the Seldins argue that holding otherwise would render the 2006 amendment unconstitutional because the Legislature cannot statutorily exempt a state agency from applicable constitutional provisions. We do not find these arguments persuasive.

¶19 The language designating PSPRS as an "independent trust fund," A.R.S. § 38-848(M), merely codifies part of the Arizona Constitution. Article 29, Section 1(B), of the Arizona Constitution states that "[t]he assets of public retirement systems . . . are separate and independent trust funds and shall be invested, administered and distributed as determined by law solely in the interests of the members and beneficiaries of the public retirement systems." That the Legislature statutorily reiterated this constitutional designation does not demonstrate its intent to render PSPRS something other than a state agency. We understand the Seldins' argument to be that PSPRS is not a state agency because its assets are not state money. PSPRS's assets admittedly are not state money. But this means only that its assets are separate from the state treasury. *See Grant v. Bd. of Regents*, 133 Ariz. 527, 529, 652 P.2d 1374, 1376 (1982) ("'state money' is money in the state treasury credited to a particular fund therein"). PSPRS's assets are still *public* money. *See McClead*, 174 Ariz. at 352, 849 P.2d at 1382 (concluding that plaintiffs had taxpayer standing to challenge increases in PSPRS retirement benefits

because PSPRS expends public money). Public money is "all [money] coming into the lawful possession, custody or control of state agencies, boards, commissions, or departments or a state officer, employee or agent in his official capacity, irrespective of the source from which, or the manner in which, the [money is] received." *Id.*; *see also* A.R.S. § 35-212(B) (2011). State money is a subset of public money, which encompasses a broad range of funds lawfully in the State's possession or under its control, including state employee retirement funds held in independent trust. That PSPRS manages an independent public trust fund rather than a fund appropriated from the state treasury does not defeat its status as a state agency.[7]

**¶20** As for the Seldins' contention that holding PSPRS is a state agency for purposes of the notice of claim and one-year limitations period would render the 2006 amendment unconstitutional, we determined in other cases that certain public entities that are otherwise covered by Title 12's immunity provisions were not subject to constitutional debt limitations when the debt incurred did not impose a liability on the state general fund. *See Bd. of Regents of Univ. of Ariz. v. Sullivan*, 45 Ariz. 245, 260, 42 P.2d 619, 625 (1935); *see also Arizona State Highway Comm'n v. Nelson*, 105 Ariz. 76, 79-80, 459 P.2d 509, 512-13 (1969). Because the constitutionality of the 2006 amendment is not at issue in this case, we decline to address the matter further.

**¶21** PSPRS requested attorneys' fees incurred on appeal pursuant to A.R.S. § 12-341.01(A) (Supp. 2013). In the exercise of our discretion, we decline to award attorneys' fees. However, pursuant to A.R.S. § 12-342 (2003), PSPRS is entitled to its taxable costs on appeal upon timely compliance with ARCAP 21.

---

[7] Nor are we persuaded by the Seldins' argument that applying the notice of claim statute to PSPRS would not serve the statute's purpose because PSPRS's fund is independent from the state treasury. The purpose of the notice of claims statute is to assist public entities from incurring excess or unwarranted liability and to facilitate settlement by allowing the public entity to investigate the claim and to budget accordingly. *See Yollin*, 219 Ariz. at 29, ¶ 11, 191 P.3d at 1045. That PSPRS's fund is segregated from the state treasury does not change the public nature of the entity or the public nature of the fund it manages. Further, by the plain language of A.R.S. § 12-821.01 (Supp. 2013), application of the statute is contingent on the nature of the entity, not the nature of its fund.

**CONCLUSION**

**¶22**        For the foregoing reasons, PSPRS is a state agency covered by the notice of claim statute and the one-year statute of limitations applicable to public entities.  The Seldins did not provide PSPRS with a notice of claim, nor did they file suit within the one-year limitations period.  Accordingly, the superior court properly dismissed the Seldins' claims against PSPRS and we affirm that judgment.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh