NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JACE FRANK EDEN, *Plaintiff/Appellant*,

*v.*

CITY OF SHOW LOW, *Defendant/Appellee*.

No. 1 CA-CV 14-0318
FILED 4-23-2015

---

Appeal from the Superior Court in Navajo County
No. S0900CV201300378
The Honorable Michala M. Ruechel, Judge

**AFFIRMED**

---

COUNSEL

Jace Frank Eden, Florence
*Plaintiff/Appellant*

Show Low City Attorney's Office, Show Low
By Franklin M. Brown
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Donn Kessler joined.

---

**J O N E S**, Judge:

¶1        Jace Eden appeals the trial court's dismissal of his complaint against the City of Show Low (the City).  For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        In September 2013, Eden filed a complaint against the City seeking an injunction and damages in excess of $10 million.  He alleged the City's placement of a utility easement across commercial property owned by Branding Iron Plaza L.L.C. and B.I.S.H. L.L.C. constituted a taking.[2]  The City filed a motion to dismiss for failure to state a claim on the basis that Eden did not serve a notice of claim upon the City in compliance with Arizona Revised Statutes (A.R.S.) section 12-821.01(A),[3] and was therefore barred from bringing suit against the City.  The trial court agreed, and granted the City's motion to dismiss.

¶3        Eden timely appealed.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

---

[1]        In reviewing a motion to dismiss for failure to state a claim, we assume the truth of the well-pleaded facts of the complaint and indulge all reasonable inferences therefrom.  *Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, 390-91, ¶ 10, 322 P.3d 204, 207-08 (App. 2014) (citing *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7, 189 P.3d 344, 346 (2008)).

[2]        The complaint also listed Branding Iron Plaza L.L.C., B.I.S.H. L.L.C., Addie Bethoon, Walter Bethoon, and Cody Eden as plaintiffs.  However, the notice of appeal is signed only by Jace Eden.  As a non-attorney, Eden cannot bring an appeal on behalf of the other plaintiffs.  *See Haberkorn v. Sears, Roebuck & Co.*, 5 Ariz. App. 397, 399, 427 P.2d 378, 380 (1967) (holding person not admitted to practice law in Arizona may not represent another individual); *Ramada Inns, Inc. v. Lane & Bird Adver., Inc.*, 102 Ariz. 127, 128, 426 P.2d 395, 396 (1967) (same for representation of companies).  Therefore, Eden is the only appellant in this appeal.

[3]        Absent material revisions from the relevant date, we cite a statute's current version.

## DISCUSSION

¶4　　　　We review the trial court's grant of a motion for failure to state a claim *de novo*. *Pivotal Colo. II, L.L.C. v. Ariz. Pub. Safety Pers. Ret. Sys.*, 234 Ariz. 369, 370, ¶ 4, 322 P.3d 186, 187 (App. 2014) (citing *N. Peak Constr., L.L.C. v. Architecture Plus, Ltd.*, 227 Ariz. 165, 167, ¶ 13, 254 P.3d 404, 406 (App. 2011)). We may, however, affirm the dismissal if correct for any reason. *Sw. Non-Profit Hous.*, 234 Ariz. at 391, ¶ 10, 322 P.3d at 208 (citing *Dube v. Likins*, 216 Ariz. 406, 417 n.3, ¶ 36, 167 P.3d 93, 104 n.3 (App. 2007)).

¶5　　　　Prior to considering the merits of the appeal, we first consider whether Eden has standing to bring the claims. *See Fernandez v. Takata Seat Belts, Inc.*, 210 Ariz. 138, 140, ¶ 6, 108 P.3d 917, 919 (2005); *Strawberry Water Co. v. Paulsen*, 220 Ariz. 401, 405-06, ¶¶ 7-8, 207 P.3d 654, 658-59 (App. 2008). Generally, only persons with an ownership or valid leasehold interest in the property at the time of the taking are entitled to compensation. *See Boyd v. Atchison, T. & S. F. Ry. Co.*, 39 Ariz. 154, 159, 4 P.2d 670, 671 (1931) ("[T]he right of damages is personal to the owner, and does not pass with a deed."); *Cardi Am. Corp. v. All Am. House & Apartment Movers, L.L.C.*, 221 Ariz. 85, 86, ¶ 6, 210 P.3d 1256, 1257 (App. 2009) ("In the absence of a contractual provision to the contrary, a tenant has a compensable property interest in the unexpired term of a lease upon condemnation.") (citations omitted). Here, however, Eden does not allege within his complaint that he had any ownership interest in the property at issue until January 2015.[4] Instead, he asserts the property was originally purchased by B.I.S.H. L.L.C. and later transferred to Branding Iron Plaza L.L.C.

¶6　　　　Because Eden did not have an interest in the property at the time of the taking in early 2013, he has not established his standing to bring this action, or any basis at law for an award of damages. His complaint, therefore, fails to state a claim upon which relief can be granted. We find no error in the trial court's dismissal of his complaint.

---

[4]　　　　Eden asserts that Branding Iron L.L.C. transferred the property to him individually, and the limited liability company was subsequently terminated. This information was not included in the record to the trial court at the time it entered its decision. *See Ness v. W. Sec. Life Ins. Co.*, 174 Ariz. 497, 500, 851 P.2d 122, 125 (App. 1992) (limiting appellate review to matters included in record of proceedings in the trial court) (citing *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4, 795 P.2d 827, 830 (App. 1990)). However, even if true, these facts are not sufficient to permit Eden to seek damages that clearly predate his acquisition of the property.

## CONCLUSION

**¶7**         We affirm the dismissal of Eden's complaint.  As the prevailing party, the City is awarded its costs upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama