[No. 23738.   Department One.   August 13, 1932.]

Sam L. Levinson, *Respondent and Cross-appellant,* v. George F. Vanderveer *et al., Appellants.*[1]

*Vanderveer & Bassett,* for appellants.
*Allen, Froude, Hilen & Askren,* for respondent.

Tolman, C. J.—This is an action for an accounting of the earnings of a partnership engaged in the practice of law. The plaintiff recovered a judgment for $4,049.88.

The defendants, appealing, do not question the correctness of the accounting by which this recovery was arrived at, but assert an offset amounting to $3,194.48, representing what is claimed to be a loss suffered as the result of the negligence of the plaintiff in handling certain matters committed to his care before the dissolution.

[1]Reported in 13 P. (2d) 448.

The plaintiff has cross-appealed, claiming a very much larger recovery.

It is first of all questioned by the defendants whether there was a partnership at all; they seeming to contend that there was nothing more than an employment to be compensated on a percentage basis. The conclusions we have reached make this question immaterial. It is sufficient to say that this partnership was not such as usually exists in commerce and business, but it was the sort of relationship very commonly occurring in professional life, where a well-established, successful and busy lawyer takes in a younger man (or men) having no established business of his own to assist in caring for a practice grown too heavy for the man who has successfully built it up.

The negligence complained of, if any there was, arose out of the attempt to obtain personal service in an action for personal injuries against a corporation which could not be served in the ordinary manner.

We see no good purpose in going into details. No doubt, the plaintiff was given charge of the particular matter in the usual way in which a junior is expected to carry on under the general supervision and guidance of a senior member of the firm. No doubt, also, the senior trusted the junior and accepted his statement that good service had been secured, without himself making an examination of the several steps taken. However that may be, the particular service in question was held good by two judges of the superior court.

The cause went to trial before a jury, a verdict was returned, and a judgment was entered thereon for some $5,800. The defendant in that case appealed to this court, raising the sole question of the sufficiency of the service of summons. While the appeal was pending, the defendant here, there the attorney for the respondent, became convinced, as he now says,

that the service of summons was bad, that the appeal would be successful, and, thinking, no doubt, that "half a loaf is better than no bread," he settled the case for $2,500, all of which he paid to his client, resulting in the loss of his entire fee, together with the loss of cash advances theretofore made to the client, all amounting to the sum now pleaded as an offset.

A judgment entered by a court of general jurisdiction is presumed to be valid until set aside on appeal. We can not now go behind that presumption and, on this hearing, without the original parties before us, undertake to determine what would have been properly determined in the former case if that case had been presented to us for decision. If we could say that the judgment was void on its face, that would be quite another question; but in the record of the former case, introduced in evidence in this case, is shown ample basis for a reasonable argument that, even if the attempted service of summons was bad, still the defendant there had waived its special appearance and entered a general appearance under the rule recognized in *Matson v. Kennecott Mines Co.*, 103 Wash. 499, 175 Pac. 181.

The defendant, as the attorney for the respondent in that case, chose not to litigate the question when it should have been litigated. Having recovered a judgment and accepted a compromise settlement thereon, he can not now impeach the judgment upon which he realized $2,500, or now litigate the issues of that case even for present purposes. There was no error in denying the setoff.

On the cross-appeal, we are, after a careful study of the evidence, impressed with the trial court's view that, as to pending business at the time of the dissolution, the divison then voluntarily made by the parties was intended to be final, and that neither party

then intended that there should be any accounting one to the other for fees thereafter earned and collected upon such business so divided.

■ There are certain other items which we think plaintiff should have been allowed. The books of the partnership were kept on a cash basis; that is, only receipts and disbursements were entered, and fees were not charged until litigation ended and judgments were collected or the fees otherwise paid in cash. The partnership conducted considerable personal injury litigation, and found it convenient or necessary to advance from its funds, in payment of costs, expenses chargeable to clients, and even as cash loans to clients, considerable sums which otherwise would have been distributed to the partners as profits. At the time of the dissolution, these accounts receivable, together with fees collected in some cases not yet closed, amounted to such sums that computation seems to indicate the plaintiff's share thereof totals $1,378.35.

There were likewise advances made by the partnership in those cases which fell to the plaintiff in the division of the pending business. The partnership advances in these cases amounted to $587.52. That sum is likewise a partnership asset, and the plaintiff's interest therein is not to exceed one-third. Part, at least, of this sum he has already collected, and no doubt in due time, as the litigation is completed, he will collect the remainder. He should not be permitted to keep more than his one-third of this sum, and two-thirds thereof, or $391.68, should be deducted from $1,378.35, leaving a difference in the plaintiff's favor of $986.67. This difference should be added to the judgment.

The trial court dismissed the action as to the defendant Bassett, and the cross-appellant bases no claim

of error thereon. The defendant Vanderveer, as the senior member of the firm, had and received all of the earnings of the business except the percentages allowed to the junior partners. Consequently, the defendant Bassett received only his percentage and got no part of the moneys due the plaintiff. He was properly dismissed from the action, and will not be affected by the modification of the judgment here.

The judgment against the defendant Vanderveer and the community will be modified by increasing the amount to $5,036.55, and as so increased the judgment will stand affirmed.

HERMAN, PARKER, MITCHELL, and STEINERT, JJ., concur.