[No. 33323.   Department Two.   December 8, 1955.]

THE STATE OF WASHINGTON, *Petitioner*, v. CHESTER SHEETS *et al.*, *Appellants*, THE WANDERMERE COMPANY, *Respondent*.[1]

[1] Reported in 290 P. (2d) 974.

*Hamblen, Gilbert & Brooke,* for appellants.

*Brown & Thayer,* for respondent.

WEAVER, J.—The sole issue is whether appellant, as lessee, is entitled to share in the proceeds of a condemnation award. His lease provides that

". . . in the event that said premises or any portion thereof be hereafter taken over by the State of Washington or by the County of Spokane or by any other governmental body by condemnation thereof, this lease shall be cancellable by either party and lessor shall not be liable to lessee for any of lessee's improvements or investment in said premises."

October 2, 1952, the state of Washington commenced an action to condemn certain property owned by respondent, including a portion of the land leased by respondent to appellant. October 28, 1952, the state paid fifty thousand dollars into the registry of the court, and the court entered an order granting possession and use of the property to the state, pursuant to RCW 8.04.090. (See Laws of 1955, chapter 213, § 4, p. 896, for amendment thereof.)

October 29, 1952, respondent notified appellant in writing that his lease was canceled, pursuant to the provision of the lease quoted *supra.*

Judgment and decree of appropriation was entered January 11, 1954. Upon the state's motion, appellant's appeal therefrom was dismissed on June 10, 1954, by this court in cause No. 32823.

Thereafter, appellant petitioned that twenty-five thousand dollars of the amount deposited by the state be paid to him. RCW 8.04.140. After issues were joined, the trial court granted respondent's motion for judgment on the pleadings and dismissed the petition on January 26, 1955. Appellant appeals from the judgment of dismissal.

February 8, 1955, this court said:

"Under Art. I, § 16, amendment 9 of the state constitution, a property owner is entitled to a judicial determination of just compensation, and payment thereof, before the state can deprive him of possession under the power of eminent domain. This includes the right to a jury trial unless waived. *RCW 8.04.090, inasmuch as it denies the owner these rights, is unconstitutional.*" *State ex rel. Eastvold v. Yelle,* 46 Wn. (2d) 166, 174, 279 P. (2d) 645 (1955). (Italics ours.)

We cannot adopt appellant's argument that the order of October 28, 1952 (granting the state the right of immediate possession), is a nullity because it is based upon a statute subsequently held to be unconstitutional in an unrelated action.

A final judgment or order in *a civil proceeding,* based upon an erroneous view as to the constitutionality of a statute, is valid and binding until regularly reversed or set aside. Our decision in *State ex rel. Eastvold v. Yelle, supra,* did not void the criticized order nor deprive it of its effectiveness as a judgment. Although the facts in *In re Newcomb,* 56 Wash. 395, 105 Pac. 1042 (1909), are distinguishable, the language of a portion of the opinion is apropos:

"To say that an unconstitutional law or a repealed law is no law is both logical and sound, but to say that a judgment of a court of competent jurisdiction is no judgment, because some question of law properly before it was decided erroneously, is, in our opinion, a *non sequitur.*"

See annotation: Validity and effect of judgment based upon erroneous view as to constitutionality or validity of a statute or ordinance going to the merits. 167 A. L. R. 517, 532 (1947).

The order of October 28, 1952, granting the state the right of immediate possession, is not a nullity; hence, respondent's notice to appellant of October 29, 1952, canceling his lease in accordance with its terms, was not premature.

Finally, appellant urges that his leasehold interest was extinguished if the premises were "taken over by the state

of Washington" by entry of the order of possession and use, and respondent's notice of cancellation did not destroy appellant's right to compensation.

The parties were not willing to rest their rights upon the settled law which applies to leased property taken by eminent domain. Anticipating the possibility that all or a portion of the demised property might be taken by condemnation, they fixed their respective rights by contract.

■ When a written lease provides that the taking of all or a portion of the leased property may terminate the lease at the option of either party, the term expires when such taking occurs and the option is exercised, and no unexpired leasehold remains for which the lessee can claim compensation.

A similar lease provision was considered in *Goodyear Shoe Machinery Co. v. Boston Terminal Co.*, 176 Mass. 115, 57 N. E. 214 (1900). The court said:

"We are of opinion that the judgment appealed from was right. Of course any valid taking of the whole premises would put an end to the lease  . . .  and therefore the provision quoted must not be construed too literally in its application to the present case. The object is that which is pointed out in *Munigle v. Boston*, 3 Allen, 230, 232, and the meaning is that *the landlord can terminate the right of the tenant to share in the damages.  . . .* Probably if the clause had not dealt with the taking of a part as well as of the whole, and had referred only to a taking of the whole, it would have stipulated absolutely that the tenant's rights should end, without requiring an election by the landlord. The election is inserted with reference to a partial taking. In this case the election was sufficiently manifested by the notice." (Italics ours.)

The cases adopting the rule announced by Chief Justice Holmes in the *Goodyear* case, *supra*, are collected in an annotation: Validity, construction, and effect of specific provision of lease or statute relating to rights and compensation of lessee in event of condemnation. 98 A. L. R. 254 (1935). Compare: *American Creameries Co. v. Armour & Co.*, 149 Wash. 690, 271 Pac. 896 (1928).

The right of appellant to share in the award of damages was terminated by respondent's election to stand upon the terms of the written lease.

The judgment is affirmed.

HAMLEY, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.

January 13, 1956. Petition for rehearing denied.

