IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| SHELBY BARCHASCH, | ) | |
| | ) | No. 36136-5-III |
| Appellant, | ) | (Consol. with No. 36293-1-III) |
| | ) | |
| v. | ) | |
| | ) | |
| GONZAGA UNIVERSITY, a Washington | ) | UNPUBLISHED OPINION |
| nonprofit corporation and SANDRA | ) | |
| SIMPSON, | ) | |
| | ) | |
| Respondents. | ) | |

KORSMO, J. — Shelby Barchasch appeals from a protective order and a contempt sanction. We reluctantly reverse in part.

## FACTS

Appellant Barchasch attended the Gonzaga University School of Law from 2013 to 2016. While there, he worked in the Gonzaga University Legal Clinic (Clinic) for three semesters. The Clinic provides services in six different areas of law for particular underserved populations in need of legal assistance.[1]

For reasons not discussed in our record, appellant's application to take the state bar examination was rejected. Mr. Barchasch thereafter sued Gonzaga and one of the

---

[1] *See generally* https://www.gonzaga.edu/school-of-law/clinic-centers/law-clinic.

associate deans, raising defamation, breach of contract, and intentional infliction of emotional distress claims. Gonzaga did not file an answer to the complaint and thus did not assert any counterclaims. In the course of discovery, Mr. Barchasch revealed that he possessed client files from his time at the Clinic. Gonzaga requested that the files be returned; appellant declined to do so. The parties also disagreed about other discovery matters.

Gonzaga then sought assistance from the court by filing for a protective order pursuant to CR 26(c). The court ordered, inter alia, that Barchasch comply with court ordered limitations on use of some discovery materials obtained from the Clinic and that he return all client files to the Clinic. The court later denied reconsideration of the ruling, leading Mr. Barchasch to move to dismiss his action. The court dismissed the case without prejudice on June 14, 2018, but retained jurisdiction over the protective order, which remained in effect. Mr. Barchasch appealed to this court the next day.

On July 6, 2018, Barchasch revealed to Gonzaga that he still had Clinic files in his possession and threatened to reveal them to the public. The court then found Mr. Barchasch in contempt on August 16, 2018, and ordered that he serve 48 hours in jail.[2] The ruling stated that the contempt could be purged by Mr. Barchasch's agreement not to disclose the files. He appealed the contempt order on August 21, 2018.

---

[2] Our record does not show if the jail sentence was served or stayed.

No. 36136-5-III (Consol. with No. 36293-1-III)
*Barchasch v. Gonzaga University & Simpson*

This court consolidated the two cases. A panel considered the appeals without hearing oral argument.

ANALYSIS

The appeal presents questions about the validity of the protective order and ensuing contempt finding. We first address the protective order before briefly commenting on the contempt finding.

*CR 26*

Mr. Barchasch argues that the discovery rules do not authorize the protective order in this case since it did not involve discovery materials, while the Clinic argues that the language of the rule authorized the recovery of its purloined files. We agree with appellant that CR 26 does not empower a court to act on materials obtained outside of the discovery context.[3]

CR 26 is entitled "General Provisions Governing Discovery." The rule lists provisions concerning the types of discovery authorized by the civil rules and provides information concerning the scope of discovery. CR 26(a), (b). It then provides for protective orders in CR 26:

---

[3] To the extent that the Clinic was denied a copy of the files in discovery, it was entitled to seek a court order directing compliance with its lawful request. However, a motion to compel production is not the same as a protective order limiting a recipient's use of discovery materials. *Compare* CR 26(c) *with* CR 37. Other aspects of the protective order are not before us and remain valid.

3

> **(c) Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . . (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way.

Additional provisions of the rule provide for the timing of discovery and describe other procedures regulating the discovery process. CR 26(d)-(j).

Typically we review protective order rulings for abuse of discretion. *T.S. v. Boy Scouts of Am.*, 157 Wn.2d 416, 423, 138 P.3d 1053 (2006). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Whether a specific law applies to a particular fact pattern is a question of law reviewed de novo. *Tapper v. Emp't Sec. Dep't*, 122 Wn.2d 397, 403, 858 P.2d 494 (1993).

CR 26 provides trial courts great authority to regulate discovery. This is consistent with the scope of our court's authority to issue rules. The Washington Supreme Court has been empowered to enact rules governing court procedures, but it lacks authority to create substantive rights. *E.g.*, *State v. Templeton*, 148 Wn.2d 193, 212-213, 59 P.3d 632 (2002); *Emwright v. King County*, 96 Wn.2d 538, 543, 637 P.2d 656 (1981).

Accordingly, our Civil Rules regulate the *procedures* relating to the development and resolution of civil actions filed in the superior courts of this state. CR 1.[4] The express terms of rule 26 revolve around the concept of discovery. Although CR 26(c) provides expansive authority for the trial court to act, it does so only within the limited realm of regulating discovery.[5] It is not a cause of action unto itself.

The rule is inapplicable here because Mr. Barchasch wrongly retained the files long before any litigation was initiated; he did not obtain them during discovery in this case. The Clinic had, and still has, other options to obtain relief. Actions for replevin as well as for injunctive or declaratory relief all come to mind.[6]

We reverse the protective order to the extent that it addresses Clinic client files or other records obtained outside of the discovery process and remand for the court to make such revisions as are necessary. All other provisions remain valid.

---

[4] "These rules govern the procedure in the superior court in all suits of a civil nature whether cognizable as cases at law or in equity with the exceptions stated in rule 81. They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

[5] We reach this conclusion independent of *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984), a case relied on by Mr. Barchasch. There the court characterized CR 26(c) in the same manner we do, but the *Rhinehart* court was not tasked with interpreting state law. Instead, the issue in that case involved the First Amendment and use of CR 26(c) as a prior restraint on publication of information gathered during discovery.

[6] A referral to law enforcement for potential theft prosecution might also be in order.

*Contempt Ruling*

Mr. Barchasch argues next that the trial court wrongly applied a *criminal* contempt sanction without providing the appropriate criminal law safeguards. We disagree with his characterization, but need not discuss the matter in any detail in light of our resolution of the previous issue. For the benefit of the appellant, we will, however, comment on the contempt power as it relates to the next steps of this case.

Contempt is the intentional disobedience of a valid court order. RCW 7.21.010. A finding of contempt is within the discretion of the trial court and will not be reversed absent an abuse of that discretion. *Schuster v. Schuster*, 90 Wn.2d 626, 630, 585 P.2d 130 (1978). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *Junker*, 79 Wn.2d at 26.

It has long been understood that the subject of a court order must comply with the order until relieved of the obligation to do so. *Levinson v. Vanderveer*, 169 Wash. 254, 256, 13 P.2d 448 (1932) ("A judgment entered by a court of general jurisdiction is presumed to be valid until set aside on appeal."); *Accord*, *State v. Sheets*, 48 Wn.2d 65, 67, 290 P.2d 974 (1955) ("A final judgment or order in a *civil proceeding* . . . is valid and binding until regularly reversed or set aside."). This opinion, unless reversed by the Washington Supreme Court, will become final, and thus effective between the parties, upon the issuance of our mandate. RAP 12.5. Thus, the parties must comply with all terms of the protective order until that date.

6

Reversed in part and remanded for further proceedings consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, C.J.