IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MICHAEL F. CRONIN, | ) | No. 36666-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | OPINION PUBLISHED |
| | ) | IN PART |
| CENTRAL VALLEY SCHOOL | ) | |
| DISTRICT, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Central Valley School District appeals the trial

court's order and judgment finding it in contempt for intentionally violating a court order.

The District argues the trial court lacked authority to hold it in contempt while it was

seeking a stay of the underlying order in our court. We disagree.

RAP 8.1(b) permits a party to enforce a trial court decision or order pending appeal

or review unless stayed pursuant to the provisions of RAP 8. One way for a party to

enforce a trial court order is to request the trial court to hold the contumacious party in

contempt. In the published part of this opinion, we hold that a trial court has authority to

hold a contumacious party in contempt even while that party is seeking to stay the

underlying order in an appellate court. We resolve the other issues raised by the District

against it and affirm the trial court in all respects.

FACTS

This is the fourth appeal in this lengthy litigation. We limit our discussion of the facts and procedure to those necessary to resolve the issues before us.

*Brief overview of facts and procedure predating this appeal*

The District employed Michael Cronin as a teacher. In early 2012, the District provided Cronin notice of discharge and nonrenewal. Cronin, through an agent, appealed the discharge and requested a statutory hearing, but failed to explicitly appeal the nonrenewal. This ambiguity was clarified weeks later by Cronin's attorney, who advised the District that Cronin wanted a statutory hearing on both discharge and nonrenewal. The District refused to give Cronin any statutory hearing and discontinued his wages and benefits.

Cronin brought a declaratory action, seeking a statutory hearing on the District's determinations that sufficient cause existed for discharge and nonrenewal. The District asserted various reasons why Cronin's request should be denied. These reasons were litigated in two prior summary judgment motions and two appeals to this court. In 2016, we remanded the case and directed the trial court to order the District to give Cronin his requested statutory hearing.

No. 36666-9-III
*Cronin v. Cent. Valley Sch. Dist.*

*Arguments and rulings related to this appeal*

On June 26, 2017, both parties again filed motions for summary judgment. Cronin argued he was entitled to: (1) reinstatement and back pay pending his statutory hearing, (2) double damages for the District's willful and intentional withholding of wages, (3) reasonable attorney fees and costs, (4) an additional award because of the tax consequences of a lump sum wage award, and (5) the appointment of a statutory hearing officer.

The District argued: (1) it had authority to nonrenew Cronin's contract based on his misconduct, (2) it had properly nonrenewed Cronin's contract because he did not explicitly request a statutory hearing for nonrenewal, (3) its obligation to pay wages and benefits to Cronin ended with his 2011-2012 school year contract, and, (4) it did not willfully and intentionally withhold Cronin's wages.

Cronin responded that the law of the case doctrine prohibited the District from relitigating whether he was entitled to a statutory hearing for nonrenewal. Cronin noted that our second unpublished decision ordered a statutory hearing on his discharge *and* nonrenewal.

On April 27, 2018, the parties argued their motions. The trial court orally ruled that the District must restore Cronin's employment and reinstate his wages and benefits

pending a statutory hearing. Its order was based on language in RCW 28A.405.210. In addition, the court granted Cronin's request for reasonable attorney fees and costs, but denied his request for double damages and an additional award to compensate him for the increased tax consequences of a large lump sum payment. The District filed a request for reconsideration, which the court denied by written ruling.

On June 29, 2018, the court entered its order on summary judgment. The order provided in relevant part:

> a. The Court grants Plaintiff's request to restore his employment. Judgment shall be entered against Defendant for back wages and benefits owed Plaintiff from September 1, 2012, to the date of this order.[1]
>
> b. Plaintiff's wages and benefits shall be immediately reinstated effective the date of this order and shall continue until such time as a written decision by a statutory hearing officer determines after a hearing on the merits whether the Defendant has proved sufficient cause for either discharge or nonrenewal of Plaintiff from his employment with Defendant.

Clerk's Papers (CP) at 321. The order set an August date for presentment of a monetary judgment.

---

[1] Cronin's entitlement to *back* wages and benefits was the subject of the third appeal between the parties. We affirmed the trial court in all aspects except for its denial of double damages to Cronin on the withheld wages. On that issue, we remanded for a trial to resolve issues of material fact. *Cronin v. Cent. Valley Sch. Dist.*, No. 36291-4-III, (Wash. Ct. App. January 30, 2020)), https://www.courts.wa.gov/opinions/pdf/362914_pub.pdf.

4

On July 17, 2018, the District filed a motion to stay the portions of the June 29 order that required it to restore Cronin's employment and to reinstate his wages and benefits.

On August 23, 2018, the trial court entered judgment setting the amounts for back pay, prejudgment interest, attorney fees, together with findings and conclusions supporting the amounts. The trial court also denied the District's motion to partially stay its June 29 order.

On August 28, 2018, the District filed a notice of appeal of the trial court's June 29 order. This appeal was the subject of our third decision.

On September 7, 2018, Cronin moved the trial court for an order of contempt because the District had yet to restore Cronin's employment and reinstate his pay. Cronin asked for double damages and attorney fees on the basis that the District's refusal to pay his wages and benefits constituted a willful withholding.

On September 11, 2018, four days after Cronin's motion for contempt, the District filed a motion to stay with this court. The District then responded to Cronin's motion for contempt and asserted it could not be held in contempt while it was seeking a stay of the order in our court.

On September 21, 2018, the trial court heard argument on Cronin's motion for contempt. The trial court noted its concern about entering a contempt order that could later be inconsistent with an order from this court. The court reserved ruling on Cronin's motion until this court ruled on the District's pending motion to stay. The trial court advised Cronin he could re-note his motion if this court denied the District's motion to stay.

On November 30, 2018, our court commissioner denied the District's motion. It construed the trial court's order restoring Cronin's employment as not requiring the District to actually place Cronin in the classroom, but as requiring the District only to pay Cronin's wages and benefits. Our court commissioner implied that requiring the District to pay Cronin's wages and benefits could not be stayed under RAP 8.1(b)(1) because it was not a money judgment. It also declined to issue a stay under RAP 8.1(b)(3), concluding that the burden on the District of paying Cronin's wages for a few months was less than the burden on Cronin of nonpayment.

On December 21, 2018, the statutory hearing officer issued its decision, finding there was sufficient cause for the District to discharge and nonrenew Cronin.

On December 28, 2018, the District filed a motion in this court to modify the court commissioner's ruling denying the District's motion to stay. We later denied the District's motion.

Before we denied the District's motion, Cronin renewed his motion for contempt. The District responded that the trial court's order restoring Cronin's employment had become moot because the hearing officer's findings precluded Cronin's employment from being restored.

On January 10, 2019, the trial court heard argument on Cronin's renewed motion for contempt. The trial court recognized that its June 29 order explicitly required the District to restore Cronin's employment, the District had knowledge of the order, the District failed to restore Cronin's employment, and the District did not have a reasonable excuse because the order had not been stayed. The trial court orally found the District in contempt of its June 29 order, ordered the District to pay a remedial sanction until it paid Cronin what he was owed under that order and assessed double damages for nonpayment of wages, in addition to reasonable attorney fees and prejudgment interest.

On February 1, 2019, the trial court entered findings, conclusions, and an order effectuating its January 10 oral ruling. On February 15, 2019, the trial court heard argument from the parties as to the amounts owed for Cronin's wages and benefits,

7

double damages, prejudgment interest, remedial sanctions, and reasonable attorney fees. On February 27, 2019, the trial court entered findings of fact, conclusions of law, and the order and judgment on contempt for the amounts owed.

Specifically, the trial court ordered double damages on Cronin's wages and benefits from June 29, 2018, through December 21, 2018, because of the District's willful and wrongful withholding of wages. The trial court also ordered the District to pay the sums under the order and judgment within 30 days of its entry and, if the District did not pay within 30 days, the order assessed a per diem penalty of $100 dollars from the date of the order until the District paid the judgment in full.

The District appealed the trial court's February 1, 2019 and February 27, 2019 orders and judgments.

## ANALYSIS

The District raises four arguments on appeal: (1) it cannot be found in contempt for not complying with the trial court's order while seeking a stay of that order in this court, (2) the trial court lacked authority to restore Cronin's employment and reinstate his pay, (3) the trial court lacked authority to impose daily penalties to ensure compliance with its February 27, 2019 order, and (3) the trial court erred by awarding Cronin double damages. We address these arguments in the order raised.

8

A.     CONTEMPT DESPITE SEEKING STAY

The District argues the trial court erred by holding it in contempt while it was seeking an order from this court to stay the trial court's order. We disagree.

Contempt of court includes the intentional disobedience of any lawful order. RCW 7.21.010(1)(b). RAP 8.1(a) provides a means of delaying the enforcement of a trial court order in a civil case.

RAP 8.1(b) permits a party to seek to stay enforcement of any trial court civil decision, whether that decision is a money judgment, one affecting property, or any other type. In addition, RAP 8.3 permits an appellate court to issue orders and grant injunctive or other relief to ensure effective and equitable review. "The purpose of [these rules] is to permit appellate courts to grant preliminary relief in aid of their appellate jurisdiction so as to prevent the destruction of the fruits of a successful appeal." *Wash. Fed'n of State Emps. v. State*, 99 Wn.2d 878, 883, 665 P.2d 1337 (1983). The District argues that this purpose would be undermined if a trial court could hold a party in contempt for violating an order while the party is seeking to stay that order on appeal.

To a certain extent, we agree. The process for seeking a stay in an appellate court involves briefing and argument. Although briefing and argument is expedited in these sorts of matters, the process does not allow for an immediate resolution. The ultimate

resolution can be further delayed if a party moves to modify a court commissioner's decision. Depending on the nature of the rights in play, it can take weeks or months for this process to conclude. This delay in staying some orders can impair the fruits of a successful appeal.

On the other hand, trial court orders tend to be well supported by the facts and law. We do not want to empower parties to intentionally disobey such orders by adopting a rule that allows them to ignore a lawful court order for weeks or months while we decide whether to stay it. That is exactly the rule the District would have us adopt.

Procedures exist to safeguard litigants from erroneous orders that would cause irreversible harm. For instance, if a trial court ordered a party's house to be demolished, the trial court under CR 62, or the appellate court under RAP 8.1(b), would likely stay enforcement of the order to prevent irreversible harm.

Here, compliance with the trial court's order did not expose the District to irreversible harm. The order required the District to pay Cronin his wages and benefits for only a few months, pending his statutory hearing.

The parties concede the issue has not been squarely decided by a published Washington decision. Our review of Washington's authorities convince us the answer is clear.

It has long been understood that the subject of a court order must comply with the order until relieved of the obligation to do so. *Levinson v. Vanderveer*, 169 Wash. 254, 256, 13 P.2d 448 (1932) ("A judgment entered by a court of general jurisdiction is presumed to be valid until set aside on appeal."); *State v. Sheets*, 48 Wn.2d 65, 67, 290 P.2d 974 (1955) ("A final judgment or order in *a civil proceeding* . . . is valid and binding until . . . set aside."). Logically then, a trial court has authority to enforce its order until it is set aside or stayed.

Other authorities lead to a similar conclusion. RAP 8.1(b) provides in part: "A trial court decision may be enforced pending appeal or review unless stayed pursuant to the provisions of this rule." One way a party can enforce a trial court decision or order is by requesting the trial court to hold the contumacious party in contempt. Thus, RAP 8.1(b) supports the conclusion that a trial court may hold a party in contempt even while the party is seeking a stay in an appellate court.

RCW 7.21.070 provides in part: "Appellate review does not stay the . . . order in the . . . proceeding to which the contempt relates." Thus, the legal effect of an order is not impacted by it being appealed. Nor should the legal effect of the order be placed in limbo by the mere act of the contumacious party filing a motion with an appellate court.

11

Because the above authorities are against the District's position, we hold that a trial court may find a contumacious party in contempt even while the party is in the process of seeking a stay of that order in an appellate court.

Affirmed.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

B.     RESTORING EMPLOYMENT AND REINSTATING PAY

The District contends the trial court lacked authority to order it to restore Cronin's employment and reinstate his pay. We disagree.

As a preliminary matter, we agree with our court commissioner's reading of the trial court's order. The order did not require the District to physically place Cronin in a classroom. Rather, it required the District to restore Cronin's employment status and pay his wages and benefits.

This issue was a central issue decided in the third appeal. We need not provide a complete analysis again. In summary, RCW 28A.405.220 required the District to timely provide Cronin his notice of nonrenewal and a timely opportunity for a hearing. Here, the

12

No. 36666-9-III
*Cronin v. Cent. Valley Sch. Dist.*

District failed to provide Cronin a timely opportunity for a hearing. The District's refusal to give Cronin his statutory hearing resulted in a six-year delay.

RCW 28A.405.220 also provides that failure to provide a timely notice of nonrenewal or the opportunity for a timely hearing results in the conclusive presumption of reemployment for the ensuing term. For this reason, Cronin's employment had been conclusively renewed from year to year, and he was entitled to restoration of his employment, i.e., wages and benefits.

C.      DAILY PENALTIES

The District contends the trial court erred because it lacked the authority to impose a per diem penalty to force compliance with the contempt order and judgment. We disagree.

"A court may order a party to perform an act to effectuate the court's resolution of a dispute." *In re Marriage of Mathews*, 70 Wn. App. 116, 126, 853 P.2d 462 (1993). Superior courts have broad power to impose remedial sanctions to ensure compliance with a court order. RCW 7.21.030(2).

RCW 7.21.030(2) provides, in part:

> If the court finds that the person has failed or refused to perform an act that
> is yet within the person's power to perform, the court may find the person in
> contempt of court and impose one or more of the following remedial
> sanctions:

13

. . . .
(b)  A forfeiture not to exceed two thousand dollars for each day the contempt of court continues.
(c)  An order designed to ensure compliance with a prior order of the court.

We review remedial sanctions imposed for contempt and sanctions used to ensure compliance with a prior court order for an abuse of discretion.  *Marriage of Mathews*, 70 Wn. App. at 126.  "An abuse of discretion occurs only when the decision of the court is 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *State v. McCormick*, 166 Wn.2d 689, 706, 213 P.3d 32 (2009) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

Here, the trial court's order on contempt included a $100 per diem remedial sanction to ensure compliance with its June 29 order, which restored Cronin's employment and pay status.  The District argues it is impossible to comply with the trial court's June 29 order, and it is no longer enforceable.  While it is true the District cannot restore Cronin's employment *after* the statutory hearing officer's findings, the District can pay Cronin his wages and benefits owed from June 29, 2018, to December 21, 2018.  This action is "within the [District's] power to perform."  RCW 7.21.030(2).

14

No. 36666-9-III
*Cronin v. Cent. Valley Sch. Dist.*

The trial court gave the District 30 days to pay the judgment before the $100 per diem sanction began to accrue. We find this remedial sanction not an abuse of the trial court's discretion, but within its broad powers to ensure compliance with its orders.[2]

D.    DOUBLE DAMAGES

The District contends the trial court erred by awarding Cronin double damages on his wages and benefits accruing between June 29, 2018 and December 21, 2018. The District argues it had a bona fide dispute whether it was required to comply with the trial court's order. We disagree.

RCW 49.52.050(2) makes it unlawful for an employer to willfully and intentionally pay its employee less than owed. An employer that violates RCW 49.52.050(2) is liable for exemplary damages twice the amount of wages unlawfully withheld, unless the employee knowingly submits to the violation. RCW 49.52.070.

The standard to prove willfulness is low. A failure to pay is deemed willful unless it was the result of carelessness or error. *Hill v. Garda CL Nw., Inc.*, 191 Wn.2d 553,

---

[2] We distinguish the judgment here from a general money judgment. The judgment here resulted from the District's intentional violation of the trial court's June 29 order, which required it to restore Cronin's employment and reinstate his pay. Our holding should not be construed as authorizing a trial court to force a litigant to quickly pay a general money judgment.

15

561, 424 P.3d 207 (2018), *cert. denied*, 139 S. Ct. 2667, 204 L. Ed. 2d 1069 (2019). "[W]illfulness is found where 'the employer's refusal to pay [is] volitional. . . . Willful means merely that the person knows what he is doing, intends to do what he is doing, and is a free agent.'" *Morgan v. Kingen*, 166 Wn.2d 526, 534, 210 P.3d 995 (2009) (internal quotation marks omitted) (second alteration in original) (quoting *Schilling v. Radio Holdings, Inc.,* 136 Wn.2d 152, 159-60, 961 P.2d 371 (1998)). An employer can defeat a showing of willfulness if it shows there was a bona fide dispute about whether all or part of the wages were due. *Schilling*, 136 Wn.2d at 160. This burden is on the employer. *Wash. State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 175 Wn.2d 822, 834, 287 P.3d 516 (2012).

To establish a bona fide dispute, an employer must satisfy a two-part inquiry. *Hill*, 191 Wn.2d at 562. There is a subjective component and an objective component. *Id.* The subjective "genuine belief" component is a question of fact. *Id.* The objective "fairly debatable" component is a legal question. *Id.* Usually, to determine whether an employer willfully withheld wages is a question of fact; however, where reasonable minds could not differ, the court may determine the question as a matter of law. *Moore v. Blue Frog Mobile, Inc.*, 153 Wn. App. 1, 8, 221 P.3d 913 (2009).

Here, the trial court's June 29 order required the District to restore Cronin's employment and reinstate his pay. It has long been understood that the subject of an order must comply with the order until relieved of its obligation to do so. *Levinson*, 169 Wash. at 256; *Sheets*, 48 Wn.2d at 67. Even if the District genuinely believed it did not need to comply with the June 29 order, the previous authorities render its belief not "fairly debatable."[3] The trial court did not err in awarding Cronin double damages under RCW 49.52.050(2) and RCW 49.52.070.

E.  ATTORNEY FEES

Cronin requests reasonable attorney fees on appeal and cites RAP 18.1, RCW 7.21.030(3), RCW 49.48.030, and RCW 49.52.070. RAP 18.1 supports an award of reasonable attorney fees on appeal if authorized by applicable law. RCW 7.21.030(3) authorizes an award of attorney fees to a party when a court finds the other party in contempt. RCW 49.48.030 and RCW 49.52.070 support an award of attorney fees to a party who successfully recovers wages owed. Subject to Cronin's compliance with RAP 18.1(d), we award Cronin reasonable attorney fees for responding to the District's appeal. Our commissioner will decide this award.

---

[3] Had the District paid Cronin soon after we denied its stay request, the issue here would be different. We would have had to determine whether it was "fairly debatable" that the District's request for a stay in this court excused its delayed payment. But there is

No. 36666-9-III
*Cronin v. Cent. Valley Sch. Dist.*

Affirmed.

Lawrence-Berrey, C.J.
_____
Lawrence-Berrey, C.J.

WE CONCUR:

Siddoway, J.
_____
Siddoway, J.

Fearing, J.
_____
Fearing, J.

no evidence the District ever paid Cronin any portion of the February 2019 judgment.